```
 1
 2
 3
 4
 5
 6
 7                    IN THE UNITED STATES DISTRICT COURT
 8               FOR THE EASTERN DISTRICT OF CALIFORNIA
 9
10
    BARBARA DIANE WARD              )
11  a.k.a. DIANE WARD,              )    2:04-cv-0448-GEB-GGH
                                    )
12                  Plaintiff,      )
                                    )    ORDER RE ATTORNEY'S FEES*
13          v.                      )
                                    )
14  SUTTER UNION HIGH SCHOOL DISTRICT, )
    RYAN ROBISON, Individually and in )
15  His Official Capacity, LORI     )
    TEXEIRA, Individually and in Her )
16  Official Capacity; and SUTTER   )
    COUNTY, DAVID MCFARLAND,        )
17  Individually and in His Official )
    capacity; and JOHN DOE,         )
18  Individually and in His Official )
    Capacity,                       )
19                                  )
                    Defendants.     )
20  _____ )
21
22
23          Defendants Sutter County and David McFarland (collectively
24  the "Defendants") move for an $86,589.50 attorney's fees award under
25  42 U.S.C. § 1988, based on their prevailing-party status, since
26  summary judgment was granted against Plaintiff Barbara Ward ("Ward").
27  _____
28       *    This matter was determined to be suitable for decision
         without oral argument.  L.R. 78-230(h).
```

1

1  Defendants contend that an award of attorney's fees is proper because
2  Ward's claim was "groundless from the start" and she "continued to
3  litigate" even after being informed by Defendants that her claims
4  lacked "legal and factual bases." (Defs.' Mem. Supp. Mot. 4.)  For
5  the reasons stated below Defendants' motion is denied.

6                              BACKGROUND

7           Ward's Second Amended Complaint (the "Complaint") alleged
8  that Defendants were liable for invasion of privacy, false arrest,
9  false imprisonment, and malicious prosecution under 42 U.S.C. § 1983.
10 State claims for defamation, intentional infliction of emotional
11 distress, and negligence were also included in the Complaint.  The
12 claims all stemmed from Ward's assertion that Defendant David
13 McFarland arrested her without probable cause.  Defendants' summary
14 judgment motion was granted on Ward's federal claims and her state law
15 claims were dismissed under 28 U.S.C. § 1367(c).

16                              DISCUSSION

17          A defendant may recover attorney's fees under 42 U.S.C.
18 § 1988 if "'the plaintiff's action was frivolous, unreasonable, or
19 without foundation, even though not brought in subjective bad faith.'"
20 Hughes v. Rowe, 449 U.S. 5, 14 (1980) (quoting Christiansburg Garment
21 Co. v. EEOC, 434 U.S. 412, 421 (1978)).  This is intended to be a
22 "stringent standard." Id.  Therefore, the Ninth Circuit repeatedly
23 "has recognized [that] '[attorney's] fees in civil rights cases should
24 only be awarded to a defendant in exceptional circumstances.'" Saman
25 v. Robbins, 173 F.3d 1150, 1157 (9th Cir. 1999) (quoting Barry v.
26 Fowler, 902 F.2d 770, 773 (9th Cir. 1990)).  And the Supreme Court has
27 ////
28

cautioned that in determining whether a plaintiff's case was frivolous
or unreasonable, district courts must "resist the understandable
temptation to engage in post hoc reasoning by concluding that, because
plaintiff did not ultimately prevail, his action must have been
unreasonable or without foundation." Christiansburg, 434 U.S. at 421;
see also Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th
Cir. 1990) (en banc).

Defendants contend that attorneys fees should be awarded
because Ward's claims were "unreasonable and groundless from the
start." (Defs.' Mem. Supp. Mot. at 4.)  In support of this claim,
Defendants argue that "[t]he order on defendants' motion for summary
judgment confirms the lack of merit and the settled state of law, as
applied to the facts, on all the section 1983 issues." (Id.)  But the
issue is whether Ward's claims were "groundless at the outset," not
whether Defendants prevailed on summary judgment. Karam v. City of
Burbank, 352 F.3d 1188, 1196 (9th Cir. 2003) (holding that
Plaintiff's "inability to present evidence to defeat summary judgment
does not mean that her claims were groundless at the outset"); and see
Hughes v. Rowe, 449 U.S. 5, 14 (1980) ("The fact that the plaintiff
may ultimately lose his case is not in itself a sufficient
justification for the assessment of [attorney's] fees.")

Ward's lawsuit was not so factually or legally groundless
from the outset to constitute a frivolous lawsuit.  When Ward filed
suit, she had been arrested by Defendant McFarland for multiple theft
felonies.  Ward alleged that the only piece of evidence Defendant
McFarland reviewed prior to arresting her, was a video surveillance
////

1  tape from which "even Sheriff Denney . . . could not form an opinion

2  as to whether or not a theft [] had occurred . . . ."  (Pl.'s Mem.

3  Opp'n Mot. at 4.)  "These circumstances furnish some basis, albeit

4  somewhat tenuous, for [Ward] to theorize" that Defendant David

5  McFarland willfully deprived her of her Fourth Amendment rights by

6  arresting her without probable cause.

7          Defendants also argue that because "the lack of merit of the

8  claims was clearly pointed out to the plaintiff on May 17, 2004, and

9  again on June 21, 2004 . . . but [plaintiff] continued to litigate,"

10  an award of attorney's fees is proper.  (Defs.' Mem. Supp. Mot. at 4.)

11  Attorney's fees may be proper where a plaintiff continues to litigate

12  after it becomes clear the action lacks foundation.  Herb Hallman

13  Chevrolet, Inc. v. Nash-Holmes, 169 F.3d. 636, 645 (9th Cir. 1999).

14  However, awarding a defendant attorney's fees simply because a § 1983

15  plaintiff was apprised by her adversary in a letter that her claims

16  lacked merit would have a "chilling effect upon civil rights

17  plaintiffs [and be] disproportionate to any protection defendants

18  might receive against the prosecution of meritless claims."  Mitchell

19  v. Office of the Los Angeles Superintendent of Sch., 805 F.2d 844, 848

20  (9th Cir. 1986); and see EEOC v. Bruno's Rest., 13 F.3d 285, 287 (9th

21  Cir. 1993) (noting that a district court must exercise caution in

22  awarding fees to a prevailing defendant in order to avoid discouraging

23  legitimate suits that may not be "airtight").

24          For the stated reasons, Ward's § 1983 claim for false arrest

25  was not "groundless, without foundation, frivolous, or unreasonable."

26  Karam, 352 F.3d at 1195 (internal quotation marks omitted). Further,

27  ////

28

4

1  since Defendants "made no effort to allocate the hours claimed between

2  [false arrest and Ward's various other] claims," the merits of the

3  remainder of Ward's claims need not be reached.  Pontarelli v. Stone,

4  781 F.Supp. 114, 127 (D. R.I. 1992).  Therefore, the motion for

5  attorney's fees is denied.

6          IT IS SO ORDERED.

7  Dated:  September 23, 2005

8

9                              /s/ Garland E. Burrell, Jr.
                               GARLAND E. BURRELL, JR.
                               United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28